UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAY D. KNOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:11-cv-00949-TWP-TAB |
| ) | |
| MICHAEL L. SNIDER, and ) | |
| THE SNIDER GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendants' motion to strike Plaintiff's brief in opposition as well as its designation of evidence in opposition to Defendants' motion for summary judgment. Initially, Plaintiff's brief in opposition to Defendants' summary judgment motion and supporting documentation was due on June 26, 2012. After the Court granted Plaintiff's three unopposed motions for extension of time to file his response, the new response deadline was set for August 13, 2012. *See* Dkt. 31, 33, 35. However, Plaintiff failed to file its response brief and designation of evidence on August 13, 2012, but instead file them one day late on August 14, 2012. Defendants argue that the Plaintiff's response brief and designation of evidence should be stricken because it is untimely, coming one day after the response deadline.

In response to this motion, Plaintiff's attorney asserts that he attempted in good faith to file the response brief on time, but he became ill on August 13, 2012 and had to leave the office early. Plaintiff's attorney subsequently filed the response brief and designated evidence within twenty four hours of the time it was due. After reviewing this motion, the Court concludes that the Plaintiff's attorney made a good faith effort to comply with the response deadline, but he

1

became ill and was unable to file the documents by the deadline period. Additionally, the Court recognizes that the Defendants did not oppose the numerous extensions requested by the Plaintiff and Defendants do not claim prejudice from the delay. Under these circumstances, the Court finds it would not be just to strike the Plaintiff's response brief or its designated evidence because his attorney missed the filing deadline by one day. "The court's, the public's, and the parties' interests in having cases decided on the merits weigh heavily against the defendants' motion to strike." *Fidler v. City of Indianapolis*, 428 F. Supp. 2d 857, 868 (S.D. Ind. 2006) (denying defendants' motion to strike plaintiff's evidentiary designations after his attorney filed it one day late).

The Court, however, will admonish Plaintiff's counsel and remind him of the importance of meeting deadlines. The Seventh Circuit has repeatedly emphasized the wide discretion district court judges enjoy in controlling their dockets, as well as the importance of enforcing deadlines. See *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir.1996) ("A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided not hindered, by adherence to deadlines."); *Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir.1996) ("[Judges] are entitled--indeed they must--enforce deadlines. Necessarily, they must have substantial discretion as they manage their dockets."). In its discretion, this Court may not view future untimeliness as it has today. However, for the reasons set forth above, Defendants' Motion to Strike (Dkt. 38) is **DENIED**. Accordingly, Defendants shall reply to Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment (Dkt. 36) within seven (7) days of this Entry.

SO ORDERED. 10/17/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com

Dane Andrew Mize
SKILES DETRUDE
dmize@skilesdetrude.com