UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAY D. KNOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 1:11-cv-00949-TWP-TAB |
| ) | |
| MICHAEL L. SNIDER, and ) | |
| THE SNIDER GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

### I.   INTRODUCTION

The Defendants make the new false statement that there is no dispute that Plaintiff is not disabled. The Defendants did not claim in their Statement of Material Undisputed Facts that Plaintiff was not disabled. Instead, the Defendants merely stated in an argument that Plaintiff was not disabled within the meaning of the ADA. Def. Br. 10-13. Plaintiff clearly disputed the Defendants' argument. Pl. Br. Opp. 15-21.

The Defendants state that it is undisputed that Plaintiff abandoned his job, but that is not true, either. Def. Reply p. 1. Plaintiff worked until Monday, August 10, 2009. Pl. Ex. 1, Knox Aff. ¶26; Def. Fact 47; Def. Br. Support p. 6:20-21. Plaintiff did not work on Monday, Tuesday, and Wednesday, August 10 to 12, 2009. On Wednesday, August 12, 2009 Plaintiff called the Defendants and told them that he quit. Pl. Ex. 1, Knox Aff. ¶¶21-26, Pl. Ex. 2, Knox Dep. 105:6-19; Def. Ex. 1, Knox Dep. Ex. F, Dkt. 28-1, p. 36. Mike Snider told Plaintiff to mail his keys to the company and he would receive his paycheck. Knox Aff. ¶¶21-26. Plaintiff mailed his keys to the company, and he received his paycheck. *Id.* Later, on August 19, 2009, the Defendants wrote

a letter to Plaintiff stating that he was terminated as of August 10, 2009 for "job abandonment" because he had "not been at work for five days nor have you made any effort to offer a satisfactory explanation for your absence." Def. Ex. 2, Dkt. 28-2, pp. 24-25. The Defendants' August 19 letter to Plaintiff was not true, because Plaintiff quit before the Defendants fired Plaintiff. The Defendants' August 19 letter was also not true, because Plaintiff did not miss five days of work without any effort to offer a satisfactory explanation for his absence. The Defendants' August 19 letter also went so far as to back-date Plaintiff's termination to August 10, 2009, which violated the Indiana wage laws as well as being untruthful. Indiana Code Sections 22-2-5 (employees who quit) & 22-2-9 (employees who were terminated). Plaintiff was entitled to be paid for the days he was employed before he quit or was terminated. The fact that Plaintiff could be absent for at least five days before being terminated was no reason to deny paying him for the days before he quit or was terminated from employment.

     The Defendants claim that the undisputed evidence reveals that Plaintiff never engaged in any protected activity, but that is not true either. Plaintiff requested accommodation for his alcoholism, such as requesting to go home when the Defendants believed he was unable to work because of alcoholism and requesting to go to rehabilitation instead of being terminated, and the Defendants agreed to the accommodations. However, when Plaintiff quit, which he had a right to do, the Defendants got mad at Plaintiff because of the accommodations that they had given to him, terminated him after he quit, and made false statements about him.

     The Defendants do not claim that the evidence is undisputed that they did not defame Plaintiff. Instead, they merely argue that evidence reveals that the Defendants responded truthfully, consistent with the documentation contained in Plaintiff's personnel file. Of course,

that argument is disputed. The documentation contained in Plaintiff's personnel file was false as explained above. The Defendants lied about Plaintiff in several ways, including saying that he was terminated for abandoning his job, instead of saying that he quit. The Defendants lied in saying that he refused to take an alcohol test when he never refused and instead purchased an alcohol test device and even went to rehabilitation treatment, which includes alcohol testing. The Defendants lied in saying that he did not complete the return-to-duty process when he completed the return-to-duty process and actually returned to work after the rehabilitation treatment program. There is no way that summary judgment can be granted to the Defendants.

For clarity, Plaintiff points out two typographical errors in Plaintiff's Brief In Opposition. On page 3, line 8, Friday, August 16, 2009 should be Friday, August 7, 2009. On page 9, line 20, April 10, 2012 should be August 10, 2009.

## II.   STATEMENT OF MATERIAL FACTS IN DISPUTE

The Defendants do not dispute any of Plaintiff's facts. Instead, the Defendants object in their arguments that Plaintiff's testimony is self-serving, but that is not a legal ground to exclude anyone's testimony. Every party's testimony is self-serving, and it is admissible. An argument not to believe testimony because it is self-serving is an argument on credibility, not admissibility. Arguments on credibility by the Defendants moving for summary judgment cannot support summary judgment.

It is the nonmoving party, Plaintiff, that can raise arguments about credibility, not the moving parties, Defendants. On a motion for summary judgment, it is the *moving* party's self-serving testimony which must be disregarded, not the nonmoving party's testimony. The Supreme Court made this clear in the decision of *Reeves v. Sanderson Plumbing Products, Inc.*,

530 U.S. 133, 150-151 (2000). The Court stated as follows:

> "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Liberty Lobby, supra* at 255. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. See Wright & Miller 229. That is, the court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Id.,* at 300.

530 U.S. at 150-151, (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2529 (2d ed. 1995). The Supreme Court made clear that the testimony of the employee-plaintiff is important and cannot be ignored. 530 U.S. 145-146, 151. The Court reversed the district court's judgment as a matter of law.

The courts review all evidence in the record, but the courts must disregard all evidence favorable to the moving party that the jury is not required to believe. *Byrd v. Illinois Dept. of Public Health*, 423 F.3d 696, 712 (7th Cir. 2005); *Harvey v. Office of Banks and Real Estate*, 377 F.3d 698, 707 (2004).

Almost a decade ago Judge Tinder explained that there is no "self-serving" affidavit taboo of considering the *non-moving* party's affidavit. *Reynolds v. ArvinMeritor, Inc.*, 2003 WL 23220760, *7-8, 11 (S.D.Ind. 2003). The Seventh Circuit has routinely found that a nonmoving party's own affidavit can constitute affirmative evidence to defeat a summary judgment motion. (*Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir. 2003); *Dey v. Colt Constr. & Development Co.*, 28 F.3d 1446, 1460-61 (7th Cir. 1994).

Plaintiff's testimony in this case is based on personal knowledge and corroborated by the other facts, even though corroboration of Plaintiff's testimony is not necessary because that is a credibility issue not permitted on a motion for summary judgment. The court of appeals

has held that it is absurd to argue that an employee cannot testify to the existence of an employment policy followed by the employer. *Pryor v. Seyfarth, Shaw, Fairweather & Geraldson*, 212 F.3d 976, 980 (7th Cir. 2000).

There is nothing inherently more self-serving about a plaintiff's deposition and affidavit than a defendant's witnesses' depositions and affidavits. *Payne v. Pauley*, 337 F.3d 767, 771-773 (7th Cir. 2003); *Dunn v. Nordstrom, Inc.*, 260 F.3d 778, 785-786 (7th Cir. 2001). However, the self-serving statements of the moving party cannot be considered on a motion for summary judgment, because they are impeached by being self-serving. Whereas a non-moving party's self-serving statements must be considered on a motion for summary judgment, because the non-moving party's statements cannot be impeached. Impeachment and credibility are matters to be decided at trial, not on a motion for summary judgment.

A defendant's denial of the allegations cannot stop a trial. Otherwise, there would be few trials. Even when a defendant's statements are not disputed by the plaintiff's testimony, a defendant's denial that it did not do what the defendant is accused of doing can be disbelieved when the defendant's statements are inconsistent and evasive. *Duncan v. Fleetwood Motor Homes of Indiana, Inc.*, 518 F.3d 486, 491-493 (7th Cir. 2008); *Dunn*, 260 F.3d at 785; *Insuremax Ins. Co. v. Bice*, 879 N.E.2d 1187, 1190-1191 (Ind.App. 2008). The lack of evidence produced by the moving party, which would ordinarily be possessed by the moving party, can create disbelief of the moving party's offered reason. *Duncan v. Fleetwood Motor Homes of Indiana, Inc.*, 518 F.3d 486, 402 (7th Cir. 2008); *Simple v. Walgreen Co.*, 511 F.3d 668, 671 (7th Cir. 2007); *U.S. E.E.O.C. v. Target Corp.*, 460 F.3d 946, 958-959 (7th Cir. 2006); *Dunn*, 260 F.3d at 785-786; *Insuremax*, 879 N.E.2d at 1190, 1192.

### III.  LEGAL ARGUMENT

    A.  **There are acts within 300 days of the charge of discrimination.**

The Defendants' argument in this section states: "There is no dispute that the August 12, 2009 resignation by the Plaintiff and the September 9, 2009 submittal of the TMC Employment verification transpired within 300 days of the filing of the Charge of Discrimination." Def. Reply 2:18-19. The Defendants recognize the August 12, 2009 resignation of Plaintiff contrary to the Defendants' Reply argument on page 1 that Plaintiff abandoned his job.

The Defendants also state: "The only allegations of Plaintiff's Second Amended Complaint which arguably set forth a legally cognizable claim are those allegations contained in paragraphs 7-12 and all of these incidents are time barred." Def. Reply 2:21-3:2. The Defendants' statement recognizes that Plaintiff "arguably set forth a legally cognizable claim." *Id.* The Defendants imply an objection to the Court considering the evidence supporting paragraphs 7-12 because they occurred before the 300 day period. The Defendants' objection is contrary to law.

The continuing harassment of Plaintiff alleged in paragraphs 7-12 and continuing thereafter is a hostile work environment because of his disability. The evidence supporting paragraphs 7-12 cannot be excluded from the case. A hostile work environment must be judged by considering all of the acts against Plaintiff during his entire employment with the Defendants. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117-118 (2002); *Isaacs v. Hill's Pet Nutrition, Inc.*, 485 F.3d 383, 386 (7th Cir.), cert. denied to employer, 552 U.S. 985 (2007) (reversing summary judgment and ordering a jury trial); *Bright v. Hill's Pet Nutrition, Inc.*, 510 F.3d 766, 768-770 (7th Cir. 2007)(reversing judgment based on a jury verdict because of

evidence not considered by the district court and remanding for a second jury trial); *Bright v. Hill's Pet Nutrition, Inc.*, 342 Fed.Appx. 208, 209-210 (7th Cir. 2009)(reversing judgment on a jury verdict a second time because of other evidence not considered by the district court and remanding for a third jury trial).

    Even in cases in which a hostile work environment is not alleged, the evidence before the 300 day limitations period cannot be ignored. *Morgan*, 536 U.S. at 113 ("Nor does the statue bar an employee from using the prior acts as background evidence in support of a timely claim.") Evidence outside the 300 day limitations period has long been recognized as admissible to support a timely claim. *West v. Ortho-McNeil Pharmaceutical Corp.*, 405 F.3d 578, 581 (7th Cir. 2005); *Oest v. Illinois Dept. of Corrections,* 240 F.3d 605, 613-614 (7th Cir. 2001); *Mathewson v. National Automatic Tool Co., Inc.* 807 F.2d 87, 91 (7th Cir. 1986). It is well settled that evidence of earlier discriminatory conduct by an employer that is time-barred is nevertheless entirely appropriate evidence to help prove a timely claim based on subsequent discriminatory conduct by the employer. *Mathewson*, 807 F.2d at 91. The Defendants' Reply brief objection that the evidence supporting paragraphs Plaintiff's Complaint paragraphs 7-12 be ignored is contrary to law.

    **B.**   **There is evidence of a prima facie case for disability discrimination.**

    The Reply Brief cites one decision that used the direct and indirect methods of proof after the case of *Coleman v. Donahue*, 667 F.3d 835, 863 (7th Cir. 2012). The Reply Brief does not dispute the principles that the methods discuss factors, not rigid requirements. The Supreme Court has repeatedly stated that the factors to be considered vary with the different factual situations. *McDonnell Douglas Corp. v. Green*, 411 U.S. 892, 802 n. 13 (1973)(proof

required to establish a prima facie case of discrimination will necessarily vary with different factual situations); *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312-313 (1996)(fact that plaintiff was replaced by someone outside the protected class is not a proper element of *McDonnell Douglas*); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)(court erred in requiring plaintiff to plead facts in accordance with particular evidentiary standard under ADEA and Title VII). The *Coleman* decision emphasizes the principles set forth by the Supreme Court. The Reply Brief does not dispute the Seventh Circuit decisions that recognize that all of the evidence and methods must be used together, not in isolation.

The Reply Brief admits that the ADAAA was intended to broaden the protection of the ADA and make it easier for individuals to satisfy the requirements of being disabled. The Reply Brief makes the new argument that alcoholism did not become a condition where a disability became presumed. Plaintiff need not present evidence of a presumed disability, if indeed there is such a thing. The Reply Brief uses the wrong legal standard for a motion for summary judgment.

The Reply Brief makes a new argument stating that *Ames v. Home Depot U.S.A., Inc.* 629 F.3d 665 (7th Cir. 2011) is a "post-ADAAA decision." While the decision was written after the ADAAA, the actions in the *Ames* case occurred in 2006, long before the ADAAA. 629 F.3d at 667-668. Plaintiff Diane Ames was terminated as of December 23, 2006. *Id.*

The Reply Brief offers no evidence to dispute Plaintiff's testimony about how his alcoholism substantially limits his activities. Instead, the Reply Brief objects to Plaintiff's testimony as "self-serving," which is not a legal objection to evidence, as explained above. The Reply Brief also relies on other pre-ADAAA decisions, which do not apply in this case.

The Reply Brief cites Plaintiff's testimony about being sober from 2004 to 2008, but the Defendants disregard the testimony that in 2008, Plaintiff's eyes were bloodshot, his speech was slurred, he admitted to drinking, and Mike Snider gave him the option of quitting and coming back later for another alcoholism rehabilitation, which he did. Def. Facts 30-46.

The Reply Brief objects that there is no competent evidence that Plaintiff was substantially limited in any major activity, but the Plaintiff's testimony and documents are competent evidence. They are also supported by the Defendants' documents and the Defendants' extended arguments about how bad Plaintiff's alcoholism is. The Defendants even argue that their view is that Plaintiff is substantially limited from driving trucks on the highways. Reply Br. 16:19-17:3. The Reply Brief argues that Plaintiff "admits that he was consistently drinking from August 2009 through April 2010." Reply 16:21. The Reply Brief admits that the Defendants believed that "his continued use of alcohol clearly demonstrates that he was unfit to work as an over-the-road truck driver." Reply Br. 16:172-3. That is strong evidence of Plaintiff's disability, perceived disability, and record of disability.

The Reply Brief argues that Plaintiff being absent for three days was not meeting the employer's expectations, but the letter of termination shows that Plaintiff was allowed five days of absences before he should have been terminated by the Defendant. Def. Ex. 2, Dkt. 28-1, p. 25. Plaintiff called the Defendants and quit on the third day of absence, August 12, 2009, well within the five days specified by his letter of termination. The Defendants do not even claim that they tried to contact Plaintiff before he called them and told them that he quit.

Furthermore, the discriminatory termination action cannot be used to say that Plaintiff was not meeting the employer's expectations. If that were the case, no Plaintiff could prove

that he was meeting the employer's expectations.

The employer in this case argued that Plaintiff was a fully functioning alcoholic who was performing his job functions. The employer also made several statements about Plaintiff over the years showing that Plaintiff was meeting the employer's expectations.

The Reply Brief claims that he cannot claim both that he quit and that he was terminated. That may be the case when an employee is terminated before he quits, but those are not the facts in this case. On the contrary, it is clear that Plaintiff quit before he was terminated. He quit, and then he was wrongfully terminated.

The Reply Brief argues that being terminated after he quit would not be an adverse action. The Reply makes the new argument that the termination had no effect on Plaintiff's employment relationship with "The Snider Group." The Reply ignores the terrible effect that a termination of employment, especially for "abandonment," has on an employee trying to obtain employment with other employers. Furthermore, a termination of employment affects the later decisions of the terminating employer itself, like The Snider Group, to rehire an employee terminated for "abandonment." Termination of employment has long been recognized as an adverse action.

The Reply Brief argues that Plaintiff has not shown that he was treated worse than other employees, but the termination letter itself shows that the Defendants had a policy of not terminating employees for job abandonment until they had not been at work for five days nor made any effort to offer a satisfactory explanation for the absences. Dkt. 28-2, p. 25. The termination letter to Plaintiff also is a lie, which is evidence that Plaintiff was treated worse than other employees. The Defendants make no claim that they lied to other employees in their

termination letters. Instead, the Defendants argue that they did not lie to Plaintiff, which is not true. If the Defendants want to argue that they did not lie to the Plaintiff, those are issues of fact, on which summary judgment cannot be based. A finding of pretext (lie) can complete the prima facie case under McDonnell Douglas, but it can also be independent evidence of discrimination. *Simple v. Walgreen Co.*, 511 F.3d 668, 671 (2007).

If the Defendants' did want to make the highly unusual claim that they lied to all employees in their termination letters, the evidence would be within the possession of the Defendants, but the Defendants do not make any such claim. When evidence is within the possession of the Defendants, the failure of the Defendants to come forward with such evidence is evidence for the plaintiff. *Duncan, supra, Simple, supra, Target, supra, Dunn, supra, Pryor, supra.*

Furthermore, where there is other evidence of discrimination, treatment of similarly situated persons is not even required. *Leffel v. Valley Financial Svcs.*, 113 F.3d 787, 793 (7th Cir. 1997); *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 158-59 (7th Cir. 1996); *Echols v. Select Beverages, Inc.*, 64 F.Supp.2d 807, 812-13 (S.D.Ind. 1998).

    C.    **There is evidence of a prima facie case of retaliation.**

The Defendants' Reply Brief states that Plaintiff has provided no direct evidence, but the direct method for retaliation does not require direct evidence. It requires only protected activity, adverse action, and causal connection. The Defendants do not argue that Plaintiff has not presented evidence by the direct method, as opposed to "direct evidence," and so, the motion for summary judgment cannot be granted on retaliation.

Plaintiff argues an indirect method of proving retaliation, but the court of appeals

decisions make clear that both methods may be used together, not in isolation.

The Defendants argue that Plaintiff did not make a request for an alcohol rehabilitation program, because Mike Snider told him to go home on June 26, 2008 and come back and tell him if Plaintiff wanted to participate in an alcohol rehabilitation program. Plaintiff made the choice to come back and request the alcohol rehabilitation program in order to keep his employment. The Defendants' argument that Plaintiff did not request the alcohol rehabilitation program ignores the facts that Plaintiff came back to work and requested the program to keep his employment. That is an interactive process between the employer and the employee to obtain reasonable accommodation for the employee in order to be able to keep his employment because of his alcoholism. Plaintiff described it as "a mutual discussion on the alcohol problem." Knox Dep. 59:9-21. The Defendants' argument that the request by the Plaintiff to participate in the rehabilitation program in order to keep his job is "revisionist history" is a jury argument about issues of fact, which cannot be decided on a motion for summary judgment.

The Defendants admit that "an employee requesting an accommodation for his disability would constitute engaging in a statutorily protected activity sufficient to satisfy the first prong of the *prima facie* case for retaliation." Def. Reply 10:13-15.  The Defendants just want to argue the disputed facts as to whether Plaintiff made the request, which is an issue of fact.

The Reply Brief also argues that Plaintiff was not meeting reasonable expectations because he quit, but that is the same argument that the Defendants used earlier and has been addressed.

      D.      **There is a cause of action for keeping Plaintiff's medical records in his personnel file.**

The Defendants object that they committed a technical violation. They argue that there is

no evidence of "public disclosure," citing *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831 (7th Cir. 2005). But the language of public disclosure in that case involved a tort claim based on public disclosure of private facts, not the ADA. The ADA does not require "public disclosure" for a violation. The Defendants also argue that the medical records were not published to a third party, but that is not required either. The Defendants do not deny that the medical records relating to alcoholism were kept in Plaintiff's personnel file that reminded the Defendants of his alcoholism and record of alcoholism every time they opened his personnel file.

  E. **Plaintiff's claim for defamation does not fail as a matter of law.**

The Reply Brief in this argument again requests the court to disregard Plaintiff's testimony, but the Court cannot do so, for the reasons stated previously.

The Reply Brief in this argument again argues that Plaintiff cannot testify that he quit and was terminated, but he quit and was wrongfully terminated later as described earlier.

The Reply Brief argues that Mike Snider's false statement that Plaintiff did not complete the return-to-duty process was because Snider was "confused." Reply 13:19. Whether his false statement was because he was "confused" is an issue of fact for the jury.

The Reply Brief argues that the Defendants did not have a DOT return-to-duty process, but the Defendants did not have a DOT regulated testing, either. The Defendants stated that Plaintiff refused a DOT regulated testing when he did not. The Defendants stated that Plaintiff did not complete the return-to-duty process, when Plaintiff completed all of the return-to-duty process that the Defendants requested. The Defendants lied about each of the statements. If the Defendants want to argue about these facts, they are arguments for the jury, not for summary judgment.

The Reply Brief argues about the qualified privilege, but those are issues of fact. In this case, there is evidence that the Defendants recklessly and maliciously made false statements about the Plaintiff. There is also evidence that the Defendants never corrected any of their false statements.

The Reply Brief argues that there was no damage from their false statements. The Defendants object to Plaintiff's testimony as hearsay. Plaintiff's testimony about what he did and what he said is not hearsay. Plaintiff testified that on the TMC application he marked that he did not have any DUIs in the last five years. Knox Dep. 109:11-20. He checked "no" in the response to that question. *Id.* Plaintiff's testimony as to what he did is not hearsay. He did not even have any DUIs in the last ten years. TMC then sent the Employment Verification form to the Defendants to complete. TMC would not have sent the Employment Verification Form to the Defendants if Plaintiff was already unqualified for the job based on his statements to TMC.

The Defendants have now moved to continue the trial in order to depose Cheryl Freauff at TMC to try to dispute these facts, but disputed facts cannot support a motion for summary judgment, even if the Defendant had disputed the facts.

## IV.  CONCLUSION

For all of the above reasons, the Defendants' Motion For Summary Judgment must be denied.

                                      Respectfully submitted,

                                      s/ Richard L. Darst  
                                      Richard L. Darst  
                                      Cohen Garelick & Glazier  
                                      8888 Keystone Crossing Boulevard  
                                      Suite 800  
                                      Indianapolis, Indiana  46240-4636

        Telephone (317) 573-8888
        Facsimile  (317) 574-3855
        Email rdarst@cgglawfirm.com
        Attorneys for Plaintiff

<u>Certificate of Service</u>

I certify that a copy of the foregoing was filed electronically on the 5th day of November, 2012. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dane A. Mize
Skiles DeTrude
150 East Market Street, Suite 200
Indianapolis, IN 46204
dmize@skilesdetrude.com

        s/ Richard L. Darst